IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **MICHAEL JOHNSON,** | § |
| **Plaintiff,** | § § § |
| v. | §  Cause No.: 3:18-cv-44 |
| **PRIDE INDUSTRIES, INC.,** | § § § |
| **Defendant.** | § § § |

## NOTICE OF REMOVAL

Defendant PRIDE Industries, Inc. ("Defendant") files this Notice of Removal removing Cause No. 2017-DCV-4353 from the 327th Judicial District Court, El Paso County, Texas to this Court pursuant to 28 U.S.C. §§ 1331 and 1441. The grounds for removal of this lawsuit are as follows:

### I. PROCEDURAL BACKGROUND

1. On December 14, 2017, Plaintiff Michael Johnson ("Plaintiff") filed his Original Petition against Defendant in the 327th Judicial District Court, El Paso County, Texas styled *Michael Johnson v. Pride Industries, Inc.*, 2017-DCV-4353. In his Original Petition, Plaintiff alleges he was discriminated against on the basis of his race and retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq.*, and Chapter 21 of the Texas Labor Code.

2. Plaintiff served his Original Petition on Defendant on January 16, 2018, and Defendant answered the lawsuit on February 5, 2018. This removal is thus timely filed. True and correct copies of all pleadings served on Defendant are attached hereto.

## II.  FEDERAL QUESTION JURISDICTION

  A. **Plaintiff's Claim Arise Under Title VII**

  3. In his Original Petition, Plaintiff alleges causes of action arising under Title VII. *See* Pl.'s Orig. Pet. at ¶¶ 44–47, 55. Because these claims arise under the laws of the United States, this Court has original jurisdiction under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. § 1441(a).

  B. **Federal Courts Have Jurisdiction Over Federal Enclaves**

  4. This lawsuit is also removed on the basis of federal enclave jurisdiction. A federal enclave exists when a state cedes land to the United States allowing the United States to exercise exclusive legislative jurisdiction over the area. *See* U.S. Const. art. I, § 8, cl. 17. Federal enclave jurisdiction is a part of a court's federal question jurisdiction under 28 U.S.C. § 1331. *See Morgan v. Webster*, 436 Fed. Appx. 365, 365 (5th Cir. 2011) (unpublished); *Mater v. Holley*, 200 F.2d 123, 125 (5th Cir. 1952); *Akin v. Big Three Indus.*, 851 F.Supp. 819, 822 (E.D. Tex. 1994) (holding that federal enclave jurisdiction presents a federal question allowing removal to federal court).

  5. Because the federal government has exclusive legislative power over federal enclaves, courts have recognized that United States' courts have subject-matter jurisdiction over controversies arising on federal enclaves. *See Morgan*, 436 Fed. Appx. at 365 ("Because all of the events at issue occurred on Fort Bliss, the causes of action arose on a federal enclave. Thus, the district court properly found that it had subject matter jurisdiction over the action."); *Mater*, 200 F.2d at 124–25 ("It would be incongruous to hold that although the United States has exclusive sovereignty in the area here involved, its courts are without power to adjudicate cases arising there."); *Blahnik v. BASF Corp.*, 2006 WL 2580113 at * 3 (S.D. Tex. Oct. 3, 2006) ("Federal enclave jurisdiction is thus part of a court's federal question jurisdiction under 28 U.S.C. § 1331.")

"Thus, as a general rule, 'federal courts have federal question jurisdiction over . . . claims that arise on federal enclaves." *Blahnik*, 2006 WL at * 3 (internal citations omitted).

6. This case is removable pursuant to this Court's federal question jurisdiction because Plaintiff's claim arose on Fort Bliss, Texas, which is a federal enclave. *See Morgan*, 436 Fed. Appx. at 365 (noting that Fort Bliss is a "federal enclave governed exclusively by federal law"); *United States v. Prejean*, 494 F.2d 495, 496 n.2 (5th Cir. 1974) (stating that Fort Bliss is a federal enclave).

7. All of the facts underlying Plaintiff's claim occurred on the enclave: Plaintiff worked on the enclave, Defendant's operation is located on the enclave, Plaintiff's work in El Paso occurred on the enclave, and all of the alleged harm and acts in Plaintiff's Original Petition occurred while Plaintiff worked on the enclave. *See* Pl.'s Orig. Pet.

8. Because all the events giving rise to Plaintiff's causes of action and all the alleged harm he claims to have suffered occurred because of actions that occurred on the enclave, this Court has jurisdiction over this lawsuit. *See Morgan*, 436 Fed. Appx. at 365 ("Because all of the events at issue occurred on Fort Bliss, the causes of action arose on a federal enclave. Thus, the district court properly found that it had subject matter jurisdiction over the action."); *Symonds v. Day & Zimmerman, Inc.*, 981 F.2d 1255, 1992 WL 387003, at *1 (5th Cir. 1992) (unpublished) (finding jurisdiction on federal enclave grounds since "the incidents that gave rise to [the complaint] occurred on a federal enclave"); *see also Powell v. Tessada & Associates, Inc.*, 2005 WL 578103, at *2 (N.D. Cal. 2005) (citing *Taylor v. Lockheed Martin Corp.*, 78 Cal.App.4th 472, 481 (Cal. Dist. App. 2000)) (stating that jurisdiction existed since the employment practice giving rise to the claim occurred on the federal enclave).

### III.  PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

9. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

10. Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). In further accordance with 28 U.S.C. §1446(d), Defendant will promptly file a copy of this Notice of Removal with the 205th Judicial District Court, El Paso County, Texas, where the action is currently pending.

11. True and correct copies of all process, pleadings, and the orders served upon Defendant in the state court action are being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto.

12. Pursuant to 28 U.S.C. § 1446(b), this Notice Removal is filed within thirty (30) days after service of the initial pleading setting forth a removable claim.

ACCORDINGLY, Defendant hereby removes Cause No. 2017-DCV-2012 from the 205th Judicial District Court, El Paso County, Texas on this 5th day of February, 2018.

    Respectfully submitted,

    KEMP SMITH LLP
    221 N. Kansas, Suite 1700
    El Paso, Texas 79901
    915.533.4424
    915.546.5360 (Facsimile)

By:    *s/Clara B. Burns*
    CLARA B. BURNS
    State Bar No. 03443600.
    Clara.Burns@kempsmith.com
    SCOTT W. KENDALL
    State Bar No. 24092618
    Scott.Kendall@kempsmith.com

    Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on attorney for Plaintiff, Enrique Chaves, Jr., Chavez Law Firm, 2101 N. Stanton St., El Paso, Texas 79902 by certified mail return receipt requested on the 5th day of February, 2018.

*s/Clara B. Burns*
CLARA B. BURNS

1484030. 1/ 18182.01200